# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**Leda Dunn Wettre**<br>United States Magistrate Judge | Martin Luther King Federal Building<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07101<br>(973) 645-3574 |

**March 8, 2016**

To:  Donald F. Thiele, Plaintiff *Pro Se*
     All counsel of record

### LETTER OPINION AND ORDER

**RE:  *Thiele v. Cablevision*
      Civil Action No. 2:13-cv-02571 (MCA) (LDW)**

Dear Mr. Thiele and Counsel:

Before the Court is defendant's motion to vacate the Clerk's entry of default. (ECF No. 21). Plaintiff opposes the motion. (ECF No. 22, 24). Pursuant to Federal Rule of Civil Procedure 78, and because the parties did not request it, the Court did not hear oral argument.

### *Procedural Background*

Plaintiff filed this age discrimination action in April 2013. He did not file a proof of service of the Complaint until May 2014, in response to the Court's issuance of a notice of call for dismissal under Federal Rule of Civil Procedure 4(m). (ECF Nos. 5, 8). The proof of service plaintiff subsequently filed indicated that service had been made on April 15, 2014 upon a "Tricia Cipolla – Secretary" at a Cablevision store in Oakland, New Jersey. (ECF No. 8).

After six weeks passed without defendant's having responded to the Complaint, the Court ordered plaintiff to move the case by seeking default against the defendant. (ECF No. 9). Plaintiff subsequently sought entry of default, which the Clerk entered on August 25, 2014.

Plaintiff later moved for default judgment, again in response to the Court's prompting. The Court denied the initial motion without prejudice due to plaintiff's failure to submit sufficient proof of damages. (ECF No. 14). Plaintiff thereafter supplemented and renewed his motion for default judgment. (ECF No. 15).

While that motion was pending, defendant Cablevision appeared for the first time and sought leave to vacate the Clerk's entry of default and oppose the default judgment motion. (ECF Nos. 16, 17). The Court granted leave, and this motion followed. (ECF Nos. 18, 21).

## *Legal Analysis*

In considering the motion to vacate entry of default against Cablevision, the Court is mindful of the policy favoring adjudication of an action on its merits rather than by default. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *see also Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982); *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 245 (3d Cir. 1951).

Under Federal Rule of Civil Procedure 55(c), the Clerk's entry of default may be set aside for good cause. The determination of good cause normally requires consideration of the following factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. *See $55,518.05 in U.S. Currency*, 728 F.2d at 195.

The Court, however, need not reach those factors where, as here, defendant demonstrates that service of process was improper. The absence of proper service constitutes good cause per se for vacating entry of default. *See Smalls v. Buckalew Frizzell & Crevina LLP*, No. CIV.A. 13-4637 SRC, 2014 WL 2889645, at *1 (D.N.J. June 25, 2014) ("Clearly, failure to effect proper service constitutes good cause."); *see also Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside."); *Mettle v. First Union Nat. Bank*, 279 F. Supp. 2d 598, 603 n.3 (D.N.J. 2003) (finding entry of default void based on improper service of summons and complaint).

Federal Rule of Civil Procedure 4(h)(1) requires that a corporation be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant" or, in the alternative, in the manner prescribed by Federal Rule of Civil Procedure 4(e)(1). Rule 4(e)(1) allows service to be effected by following the state law for serving a summons in the state where the district court is located or where service is made. New Jersey law allows service of process on "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof." R. 4:4-4(a)(6).

In support of its motion, Cablevision submits a sworn statement that plaintiff did not effect service upon anyone authorized by law to accept service on behalf of Cablevision. (*See* Decl. of Rochelle Noel, ECF No. 21-1 ¶22). Although plaintiff's proof of service indicates that the Summons and Complaint were personally delivered upon "Tricia Cipolla – Secretary," Cablevision certifies that Ms. Cipolla is employed in a non-managerial capacity at a Cablevision Optimum Store. (*Id.* ¶19). Cablevision further certifies that Ms. Cipolla, who reports to the store's manager, is not authorized to accept service on behalf of defendant. Nor did she forward

the Complaint to anyone authorized to accept service on behalf of Cablevision.  (*Id.* ¶20-21).

Given these sworn facts proffered by Cablevision, which are not controverted by plaintiff, the Court finds that proper service was not effected upon Cablevision. The absence of service constitutes good cause to vacate the Clerk's entry of default against Cablevision.

### *Conclusion*

For the foregoing reasons, defendant's motion to vacate the Clerk's entry of default (ECF No. 21) is **GRANTED**. Plaintiff's motion for default judgment (ECF No. 15) is therefore moot. The Clerk is therefore directed to terminate ECF Nos. 15 and 21.

Defendant has represented that it is willing to waive service and any objection to this Court's *in personam* jurisdiction. (ECF No. 21-1 at 1). The Court therefore deems service of the Complaint to have been made. Defendant shall file its responsive pleading no later than **March 29, 2016**.

**SO ORDERED** this 8th day of March, 2016.

Leda Dunn Wettre
United States Magistrate Judge

Orig: Clerk
cc: The Honorable Madeline C. Arleo, U.S.D.J.

3